IN THE MATTER OF MARTIN TUMAN,
AN ATTORNEY AT LAW.

Argued March 23, 1976—Decided August 2, 1977.

*Mr. Robert E. Cowen* argued the cause for the complainant Hudson County Ethics Committee.

*Mr. George J. Koelzer* argued the cause for respondent.

PER CURIAM. The respondent, an attorney at law of this State, was indicted, tried and convicted in the United States District Court for the District of New Jersey of wilfully and knowingly attempting to evade his income tax by concealing income and filing a false and fraudulent income tax return with the Internal Revenue Service and of verifying material information on his income tax return which he knew was not true and correct. He was given a one year suspended sentence, placed on probation for three years and fined $1,000. Respondent appealed from the judgment of conviction and the United States Court of Appeals for the Third Circuit affirmed, 517 *F.* 2d 1400.

A Statement of Charges filed with the Hudson County Ethics Committee recited the aforesaid facts and conviction and charged violations of *DR* 1–102(A) (3) and (4) in that respondent had engaged in illegal conduct involving moral turpitude, dishonesty, fraud, deceit or misrepresentation. In his answer he admitted the conviction.

At the Ethics Committee hearing, the evidence clearly established the following:

After passing the bar in 1953, the respondent commenced private law practice, sharing office space with Cornelius Gallagher. In 1958 he became an associate of Mr. Gallagher's law firm, Dembe, Dembe & Gallagher. Respondent became an Assistant United States Attorney in 1963, a position which he held until 1968.

During the year 1966, respondent performed legal services with respect to a real estate housing development owned by Cornelius Gallagher. Respondent was paid for these services. At the time Gallagher, being a Congressman, was frequently in Washington. In his absence respondent carried on the legal aspects with respect to these realty matters. He had been authorized to and did sign checks on Gallagher's behalf. Respondent claimed that his financial records were intermingled with Gallagher's because they were "all part of his trust account and all part of this single ongoing transaction [in the housing development]." Respondent states that when he filled out his 1966 income tax return, he estimated the income received from Gallagher.

When Gallagher was being investigated by the United States Attorney's Office with respect to income tax evasion, the respondent was questioned in connection with that matter. He implied that because he would not testify at Gallagher's trial in the manner that the United States Attorney wanted him to, he became the subject of an Internal Revenue investigation which led to the tax evasion indictment that he had wilfully evaded the income tax on $3295 and filed a false return. He also claims his trial defense was hampered

because he could not obtain Gallagher's records and for tactical legal reasons the respondent did not testify at the trial.

Respondent's violations of *DR* 1–102 are obvious. He engaged in illegal conduct that adversely reflects on his fitness to practice law. He stands convicted of a crime of attempting to evade the payment of taxes due the federal government, a felony involving dishonesty, fraud and deceit. We do not propose to reopen collaterally those proceedings to ascertain whether that conviction was proper. Further, we are not impressed by respondent's explanations which neither legally nor ethically justify his course of action.

Conviction of a knowing and wilful failure to file income tax returns may well warrant disbarment. *In re Kafes,* 17 *N. J.* 212 (1954) ; *In re DePuy,* 10 *N. J.* 282 (1952). After considering his otherwise unblemished record at the bar and his other eleemosynary services throughout the years, we have concluded that he should be suspended from the practice of law for two years and until the further order of the Court. *See In re Gurnik,* 45 *N. J.* 115 (1965).

*For suspension for two years* — Chief Justice HUGHES and Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER and HANDLER — 7.

*Opposed* — None.

---

# ORDER

IT is ORDERED that MARTIN TUMAN of Bayonne be suspended from the practice of law for two years and until further order of the Court, effective August 15, 1977; and it is further

ORDERED that MARTIN TUMAN be and hereby is restrained and enjoined from practicing law during the period of his suspension.